UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN F. ALBEE,
  Plaintiff,
v.

SANTANDER CONSUMER USA,
INC., a Texas corporation,

  Defendant.
_____/

CASE NO. 3:13-cv-1158-J-32JRK

DEMAND FOR JURY TRIAL

FILED

## COMPLAINT

Plaintiff Stephen F. Albee (hereinafter "Plaintiff") brings this action to recover damages and equitable relief against Defendant, arising from the unlawful acts of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Credit Collection Practices Act, § 559.55, Fla. Stat. (2013) ("FCCPA"). In support of his claims, Plaintiff states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction for all state claims exists pursuant to 28 U.S.C. § 1367. Venue is proper because the causes of action alleged herein accrued here in this District.

### PARTIES

2. Plaintiff Stephen F. Albee is a person residing in Duval County, Florida.

3. Defendant Santander Consumer USA, Inc. ("Santander"), a foreign corporation, is in the business of collecting on consumer debts in Florida. Its principal office is located at 8585 N Stemmons Freeway, Suite 1100N, Dallas, TX 75247.

4. Defendant Santander regularly attempts to collect debts incurred for personal, family or household purposes from consumers. At all times relevant hereto, Defendant Santander was acting as a debt collector with respect to a consumer debt.

5. All conditions precedent to bringing this action have been satisfied, waived or excused. This action is timely filed.

## FACTS GIVEN RISE TO RELIEF

6. In or around January 2013, Mr. Albee opened an account for cellular telephone service with TracFone Wireless, Inc. through its trademarked provider, Simple Mobile. Simple Mobile assigned him the cell phone number (904) xxx-xxxx (the "Simple Mobile #")[1].

7. At all times relevant herein, Mr. Albee was and continues to be the sole user of the cell phone and the associated Simple Mobile #.

8. In or around March 2013, Mr. Albee began receiving cell phone calls from Defendant Santander at the Simple Mobile #.

9. The caller id on Mr. Albee's cell phone revealed the cell phone call was coming from 888-222-4227. Mr. Albee was not familiar with this number at all; however, he did answer at least two of calls from this number. When Mr. Albee answered the call from the Defendant Santander, he was eventually routed to a human being, at which time he told them that they were

---

[1] For privacy reasons, the Simple Mobile # is not set forth in full herein; however, upon agreement of the parties or order of the Court regarding the confidential handling of the full Simple Mobile #, Plaintiff will provide the cell phone number in full.

calling a wrong number, that the number was his alone and that no one else had access to the phone.

10. Defendant Santander never identified itself in anyway on any of the calls to the Simple Mobile # and, certainly not as a debt collector.

11. Defendant Santander lists 888-222-4227 as its contact number on its website. https://www.santanderconsumerusa.com/about/fact-sheet (last accessed on September 3, 2013).

12. Mr. Albee has never had any prior business relationship with Defendant Santander. Nor does he have any delinquent debt or any account that is in collection.

13. The cell phone calls received at the Simple Mobile # were placed by the Defeandant using an automated dialing system.

14. Despite Mr. Albee's notifications that they were calling a wrong number, Defendant Santander has continued to call the Simple Mobile # numerous times. As of the filing of this Complaint, Mr. Albee has a record of at least 50 calls from Defendant Santander to his phone utilizing the Simple Mobile #, but that there may be more that have been made. Defendant Santander has the records of the number of times it has called the Simple Mobile #.

15. Defendant Santander is subject to, and required to abide by, the laws of the United States and the State of Florida which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2), and the Florida Consumer Collection Practices Act.

## Count I
## Violation of the Telephone Consumer Protection Act

16. Plaintiff incorporates by reference and realleges each of the allegations contained in Paragraphs 1-15 of this complaint with the same force and vigor as if set out here in full.

17. The Defendant has placed numerous automated calls to Plaintiff's cell phone utilizing the Simple Mobile #, despite being informed that they were calling a wrong number.

18. None of the calls placed by the Defendant were pursuant to an established business relationship with the Plaintiff.

19. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which is the hallmark of an automatic telephone dialing system (i.e. auto-dialer).

20. With each call placed to the Simple Mobile #, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

21. The Defendant was advised that they were calling the wrong number, yet they ignored this and continued to call the Plaintiff cell phone at the Simple Mobile # numerous times.

22. Defendant's actions were deliberate, willful and in complete disregard for the law.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant pursuant to the Act as follows:

a.  Five-Hundred Dollars ($500.00) in statutory damages for each violation of the TCPA through unlawful calls made to Plaintiff's cell phone.

b.  Fifteen-Hundred Dollars ($1,500.00) in statutory damages for each willful or knowing violation of the TCPA through unlawful calls made to Plaintiff's cell phone.

c.  Award reasonable attorney's fees and court costs to Plaintiff.

d.  A permanent injunction prohibiting Defendant from making non-emergency calls to Plaintiff Stephen F. Albee's cell phone at the Simple Mobile # in violation of the TCPA; and

e.  Grant such other and further relief as this Court deems equitable.

## COUNT II
## Violation of Fair Debt Collection Practices Act

23.  Plaintiff incorporates by reference and realleges each of the allegations contained in Paragraphs 1-15 of this complaint with the same force and vigor as if set out here in full.

24.  This action is for statutory damages pursuant 15 U.S.C. § 1692 *et seq.* as a result of the Defendant's unlawful practice of attempting to collect on alleged consumer debts without properly identifying itself as a debt collector and continuing to contact a consumer to attempt to collect on a debt knowing the consumer called does not owe the debt.

25.  Mr. Albee is a consumer as defined by 15 U.S.C. § 1692a(3).

26.  Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

27.  Defendant's violations of the FDCPA with regard to Mr. Albee include but are not limited to:

> a. causing his phone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;
>
> b. failing to meaningfully identify itself when calling the Simple Mobile #; and

c. repeatedly calling Mr. Albee after being informed Defendant was calling the wrong number.

28. Plaintiff has been forced to retain the undersigned counsel and has promised to pay reasonable fees for those services. Defendant is liable for those fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Stephen F. Albee requests the following relief:

a. A Judgment adjudging and declaring that the Defendant Santander Consumer USA, Inc. violated the FDCPA by calling Mr. Albee numerous times in the collection or the attempted collection of a debt, knowing he did not owe the debt and by failing to identify itself as required by law;

b. A Judgment awarding Mr. Albee his actual damages;

c. A Judgment awarding statutory damages pursuant to 15 U.S.C. § 1692k based upon Defendant's violation of the FDCPA;

d. A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff such other and further relief as may be just and proper.

## COUNT III
### Violation of Florida's Consumer Collection Practices Act

29. Plaintiff incorporates by reference and realleges each of the allegations contained in Paragraphs 1-15 of this complaint with the same force and vigor as if set out here in full.

30. This action is for statutory damages, declaratory and injunctive pursuant § 559.55, Fla. Stat. et seq. as a result of the Defendant's unlawful practice of attempting to collect on alleged consumer debts without properly identifying itself as a debt collector and continuing

to contact a consumer to attempt to collect on a debt knowing the consumer called does not owe the debt.

31. Mr. Albee is consumer as defined by § 559.55(2), Fla. Stat. (2013).

32. Defendant is a debt collector as defined by § 559.55(6), Fla. Stat. (2013).

33. Defendant's violation of the FCCPA includes, but is not limited to, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of § 559.72(9), Fla. Stat. (2013).

34. Plaintiff has been forced to retain the undersigned counsel and has promised to pay reasonable fees for those services. Defendant is liable for those fees, as well as court costs, pursuant to § 559.77, Fla. Stat. (2013).

**WHEREFORE**, Plaintiff Stephen F. Albee requests the following relief:

f. A Judgment adjudging and declaring that the Defendant Santander Consumer USA, Inc. violated the FCCPA by calling Mr. Albee numerous times in the collection or the attempted collection of a debt, knowing he did not owe the debt;

g. A Judgment pursuant to the FCCPA enjoining Defendant Santander Consumer USA, Inc. from any further contact with Plaintiff Stephen F. Albee;

h. A Judgment awarding Plaintiff his actual damages;

i. A Judgment awarding statutory damages pursuant to § 559.77, Fla. Stat. (2013) based upon Defendant's violation of the FCCPA ;

j. A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to § 559.77, Fla. Stat. (2013); and

k.   Awarding Plaintiff such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

September 19, 2013                                  Respectfully submitted,

<div style="margin-left: 50%">

S/Helen H. Albee
Helen H. Albee
Fla. Bar No.: 987247
HENRICHSEN SIEGEL, P.L.L.C.
1648 Osceola St.
Jacksonville, FL   32204
(904) 381-8183
(904) 381-8191 (Facsimile)
Halbee@hslawyers.com

</div>